MR. CHIEF JUSTICE TURNAGE,
dissenting:
I agree with Mark Misner that there was insufficient evidence to" convict him of felony assault upon Dan Taber under Section 45-5-202(2) (b), MCA. This section provides:
“(2) A person commits the offense of felony assault if he purposely or knowingly causes:
“(b) reasonable apprehension of serious bodily injury in another by use of a weapon.”
Dan Taber and his wife Kathy Taber on March 31, 1987, were employed at the Musselshell County Welfare office at Roundup, Montana.
Misner was at this office seeking assistance and was verbally abusive to Kathy over filling out certain forms. Dan Taber came out of his office, separate from what was apparently the reception area, and told Misner he did not have to fill out the forms if he chose not to do so. Misner left, Dan Taber returned to his office and did not see any more of the conduct of Misner that resulted in his conviction of felony assault; but Kathy did, and therein lies the problem.
Kathy testified that, out of the sight of Dan Taber, Misner stood in the middle of the street outside the welfare building and yelled, “come out here and we’ll settle this right now.” Dan Taber heard this.
Kathy further testified that Misner then crossed the street to his *221 truck, about thirty yards from the welfare building, took a .22 caliber rifle from it, and with one hand, the barrel point in the air, shook it in the direction of the welfare building. Misner never aimed or pointed the rifle at Kathy, Dan or the welfare building. Dan Taber never saw Misner with the rifle. Misner then drove away.
Kathy Taber yelled, “oh, my God, he’s got a gun.” At that time Dan Taber came out of his office, after Misner had driven away.
The jury found Misner not guilty of felony assault upon Kathy Taber and guilty only of disorderly conduct, a misdemeanor, as to his conduct towards her. It is logically inconsistent that the jury would find Misner not guilty of felony assault upon Kathy Taber, who was the only one to testify as an eyewitness to Misner’s conduct with the rifle. If any one, under these facts, could have had a reasonable apprehension of serious bodily injury, it would have been Kathy Taber, not Dan Taber.
The only testimony that the jury heard concerning a felony assault upon Dan Taber was the statement of Kathy that Misner had a gun. Dan Taber did not see the gun or that it was aimed at him, which it never was. The only reference to the gun was the statement by Kathy Taber that Misner had a gun.
The record is insufficient as to evidence that Misner purposely or or knowingly caused reasonable apprehension in Dan Taber of serious bodily injury by use of a weapon.
This evidence, when viewed in the light most favorable to the prosecution, would not allow a rational trier of fact to find the essential elements of the crime beyond a reasonable doubt.
The determined and successful effort of the county attorney over objection to get before the jury testimony that Misner had received considerable assistance and money from the welfare office did little to encourage the jury to avoid bias toward Misner.
Undoubtedly, Misner was less than a good witness in his own defense, leaving the jury with little reason to search their minds for compassion, but the result in this case is not how our justice system determines the basis of guilt or innocence of an accused.
I would reverse Mark Misner’s conviction of felony assault.
MR. JUSTICES SHEEHY and HUNT concur in the foregoing dissent.